## Petition of LAKE SHEEN RESIDENTS.

Railroad & Public Utilities Commission.

December 30, 1954.

Forrest Kilgore, Orlando, for petitioners.

J. Thomas Gurney, Orlando, for Florida Telephone Corp.

Harold B. Wahl, Loftin & Wahl, Jacksonville and Dan M. Byrd, Atlanta, Ga., for Southern Bell Tel. & Tel. Co.

Chairman JERRY W. CARTER, commissioners WILBUR C. KING and RICHARD A. MACK each participated in the disposition of this case.

BY THE COMMISSION.

Certain residents of the Lake Sheen and Pocket Lake area of Orange County filed a petition requesting that they be provided telephone service by Southern Bell Tel. & Tel. Co. on its Orlando exchange rather than telephone service by Florida Telephone Corp. Pursuant to the petition we issued order #2076 on September 9, 1954 directing Southern Bell and Florida Telephone Corp. to show

cause—if either could, and so desired—why an appropriate order should not be entered requiring one or both to furnish adequate telephone service to such residents. A hearing was held pursuant to the order and a subsequent notice of postponement at the commission's hearing room, Orange Court Hotel, Orlando, on October 19 and 20, 1954.

From the evidence adduced in this cause and the official records of the commission, it appears that the area in question has never been a part of the territory professed to be served by Southern Bell but that it has for a number of years been within the service area of Florida Telephone Corp.

Section 364.36, Florida Statutes 1953, provides as follows—

> Any person engaged in the construction or operation of any line, plant or system, or any extension thereof, on May 19, 1953, shall be entitled to receive a certificate of convenience and necessity from the commission authorizing such person to continue the construction or operation of such line, plant or system, or extension thereof, in the territory professed to be served by such person on May 19, 1953, if within 60 days thereafter such person files maps with the commission showing his existing lines and facilities, his lines or extensions thereof under construction, and the territory professed to be served by such person.

Pursuant to and in compliance with the foregoing statute, Florida Telephone Corp. filed maps of the territory professed to be served by it and applied for the issuance of a certificate of public convenience and necessity. By such maps and application, said company professed to serve the Lake Sheen and Pocket Lake area here in question. Southern Bell also filed maps pursuant to the statute and applied for a certificate—but the area in question was not incorporated in the area professed to be served by it.

After the enactment of the foregoing statute Florida Telephone Corp. ran lines into and offered service to the residents of the area in question on its Windermere sub-exchange located approximately 5 air miles or 7 route miles from the area. Several persons in the area presently receiving service from Florida Telephone Corp. testified that their service is satisfactory. No one being served testified to unsatisfactory service but a number of residents for whom service is available testified that they would prefer Southern Bell service on the Orlando exchange to service by Florida Telephone Corp.

Southern Bell witnesses testified that the most distant point in the area in question from the company's Orlando central office is 22.7 miles; that service to the residents thereof by Southern Bell would require an expenditure of from $65,217 to $70,908—$33,450

of this could be assigned to future service needs within the service area of Southern Bell along the route extending to the area in question, leaving a balance of from $31,767 to $37,458 directly assignable to the cost of providing Southern Bell service to, the area in question. This service, if made available, would of course parallel the lines and facilities of Florida Telephone Corp. within an area professed to be served by that company. M. L. Barre, assistant to the general manager of Southern Bell, testified that his company is not willing to serve the area in question.

Under the provisions of section 364.36 Florida Telephone Corp. is entitled as a matter of right to a certificate of public convenience and necessity covering the Lake Sheen and Pocket Lake area in question. The commission does not have legal authority under the statute to require or authorize a telephone company to serve an area already being served by another telephone company over the objection of such other company—unless there has been a failure on the part of the company serving such territory to provide reasonably adequate service to the territory after notice and a reasonable opportunity to do so, section 364.39. Only in such event does the commission have power under the statute to issue a certificate to another company willing and able to provide reasonably adequate service. From the record in this case it appears that Florida Telephone Corp. is presently serving the area; and those persons who have subscribed to the service consider it adequate.

Under these circumstances the commission finds that the petition of the residents of the Lake Sheen and Pocket Lake area for telephone service by the Southern Bell Tel. & Tel. Co. should be denied, and it is ordered that the petition be, and it is, denied.